UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

SHANNON R. BEATTY,

          Plaintiff,

    v.

COMMISSIONER OF SOCIAL SECURITY,

          Defendant.
_____

**DECISION AND ORDER**

6:19-CV-06263 EAW

## **INTRODUCTION**

Represented by counsel, Plaintiff Shannon R. Beatty ("Plaintiff") brings this action pursuant to Titles II and XVI of the Social Security Act (the "Act"), seeking review of the final decision of the Commissioner of Social Security (the "Commissioner," or "Defendant") denying her applications for disability insurance benefits ("DIB") and supplemental security income ("SSI"). (Dkt. 1). This Court has jurisdiction over the matter pursuant to 42 U.S.C. § 405(g). Presently before the Court are the parties' cross-motions for judgment on the pleadings pursuant to Rule 12(c) of the Federal Rules of Civil Procedure (Dkt. 11; Dkt. 12), and Plaintiff's reply (Dkt. 13). For the reasons discussed below, the Commissioner's motion (Dkt. 12) is granted and Plaintiff's motion (Dkt. 11) is denied.

**BACKGROUND**

Plaintiff protectively filed her applications for DIB and SSI on August 6, 2015. (Dkt. 5 at 16, 82-83).[1] In her applications, Plaintiff alleged disability beginning August 8, 2013, due to post traumatic stress disorder, borderline personality disorder, eating/weight/body and self-esteem issues, obsessive compulsive disorder, being a victim of physical and mental abuse, rapid mood swings, and severe depression. (*Id.* at 16, 84, 94). Plaintiff's applications were initially denied on October 13, 2015. (*Id.* at 16, 104-10). At Plaintiff's request, a hearing was held before administrative law judge ("ALJ") Brian Kane in Rochester, New York, on November 20, 2017. (*Id.* at 70-77). The hearing was continued on March 8, 2018. (*Id*. at 35-43). On April 16, 2018, the ALJ issued an unfavorable decision. (*Id.* at 13-32). Plaintiff requested Appeals Council review; her request was denied on February 6, 2019, making the ALJ's determination the Commissioner's final decision. (*Id.* at 5-10). This action followed.

**LEGAL STANDARD**

**I.     District Court Review**

"In reviewing a final decision of the [Social Security Administration ("SSA")], this Court is limited to determining whether the SSA's conclusions were supported by substantial evidence in the record and were based on a correct legal standard." *Talavera v. Astrue*, 697 F.3d 145, 151 (2d Cir. 2012) (quotation omitted); *see also* 42 U.S.C.

---

[1]     When referencing the page number(s) of docket citations in this Decision and Order, the Court will cite to the CM/ECF-generated page numbers that appear in the upper righthand corner of each document.

§ 405(g). The Act holds that a decision by the Commissioner is "conclusive" if it is supported by substantial evidence. 42 U.S.C. § 405(g). "Substantial evidence means more than a mere scintilla. It means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Moran v. Astrue*, 569 F.3d 108, 112 (2d Cir. 2009) (quotation omitted). It is not the Court's function to "determine *de novo* whether [the claimant] is disabled." *Schaal v. Apfel*, 134 F.3d 496, 501 (2d Cir. 1998) (quotation omitted); *see also Wagner v. Sec'y of Health & Human Servs.*, 906 F.2d 856, 860 (2d Cir. 1990) (holding that review of the Secretary's decision is not *de novo* and that the Secretary's findings are conclusive if supported by substantial evidence). However, "[t]he deferential standard of review for substantial evidence does not apply to the Commissioner's conclusions of law." *Byam v. Barnhart*, 336 F.3d 172, 179 (2d Cir. 2003) (citing *Townley v. Heckler*, 748 F.2d 109, 112 (2d Cir. 1984)).

## II.     Disability Determination

An ALJ follows a five-step sequential evaluation to determine whether a claimant is disabled within the meaning of the Act. *See Parker v. City of New York*, 476 U.S. 467, 470-71 (1986). At step one, the ALJ determines whether the claimant is engaged in substantial gainful work activity. *See* 20 C.F.R. §§ 404.1520(b), 416.920(b). If so, the claimant is not disabled. If not, the ALJ proceeds to step two and determines whether the claimant has an impairment, or combination of impairments, that is "severe" within the meaning of the Act, in that it imposes significant restrictions on the claimant's ability to perform basic work activities. *Id.* §§ 404.1520(c), 416.920(c). If the claimant does not have a severe impairment or combination of impairments, the analysis concludes with a

finding of "not disabled." If the claimant does have at least one severe impairment, the ALJ continues to step three.

At step three, the ALJ examines whether a claimant's impairment meets or medically equals the criteria of a listed impairment in Appendix 1 of Subpart P of Regulation No. 4 (the "Listings"). *Id.* §§ 404.1520(d), 416.920(d). If the impairment meets or medically equals the criteria of a Listing and meets the durational requirement (*id.* §§ 404.1509, 416.909), the claimant is disabled. If not, the ALJ determines the claimant's residual functional capacity ("RFC"), which is the ability to perform physical or mental work activities on a sustained basis, notwithstanding limitations for the collective impairments. *See id.* §§ 404.1520(e), 416.920(e).

The ALJ then proceeds to step four and determines whether the claimant's RFC permits the claimant to perform the requirements of his or her past relevant work. *Id.* §§ 404.1520(f), 416.920(f). If the claimant can perform such requirements, then he or she is not disabled. If he or she cannot, the analysis proceeds to the fifth and final step, wherein the burden shifts to the Commissioner to show that the claimant is not disabled. *Id.* §§ 404.1520(g), 416.920(g). To do so, the Commissioner must present evidence to demonstrate that the claimant "retains a residual functional capacity to perform alternative substantial gainful work which exists in the national economy" in light of the claimant's age, education, and work experience. *Rosa v. Callahan*, 168 F.3d 72, 77 (2d Cir. 1999) (quotation omitted); *see also* 20 C.F.R. § 404.1560(c).

## **DISCUSSION**

**I.    The ALJ's Decision**

In determining whether Plaintiff was disabled, the ALJ applied the five-step sequential evaluation set forth in 20 C.F.R. §§ 404.1520 and 416.920.  Initially, the ALJ determined that Plaintiff last met the insured status requirements of the Act on December 31, 2017.  (Dkt. 5 at 18).  At step one, the ALJ determined that Plaintiff had not engaged in substantial gainful work activity since August 8, 2013, the alleged onset date.  (*Id*.).

At step two, the ALJ found that Plaintiff suffered from the severe impairments of posttraumatic stress disorder, borderline personality disorder, and anorexia nervosa.  (*Id*.).

At step three, the ALJ found that Plaintiff did not have an impairment or combination of impairments that met or medically equaled the severity of any Listing.  (*Id.* at 19).  The ALJ particularly considered the criteria of Listings 12.08 and 12.15 in reaching his conclusion.  (*Id.* at 19-20).

Before proceeding to step four, the ALJ determined that Plaintiff retained the RFC to perform a full range of work at all exertional levels, as defined in 20 C.F.R. §§ 404.1529 and 416.929, and SSR 16-3p, with the following nonexertional limitations: "[Plaintiff] is capable of simple, routine work."  (*Id.* at 20).  At step four, the ALJ found that Plaintiff was unable to perform any past relevant work.  (*Id.* at 25).

At step five, the ALJ relied on the Medical-Vocational Guidelines, 20 C.F.R. Part 404, Subpart P, Appendix 2, to conclude that, considering Plaintiff's age, education, work experience, and RFC, there were jobs that exist in significant numbers in the national

economy that Plaintiff could perform. (*Id.* at 22). Accordingly, the ALJ found that Plaintiff was not disabled as defined in the Act. (*Id.* at 23).

## II.     The Commissioner's Determination Is Supported by Substantial Evidence and Free from Legal Error

Plaintiff asks the Court to remand this matter to the Commissioner, arguing that the Commissioner's determination is not supported by substantial evidence because the ALJ failed to incorporate limitations from the medical opinions of record to which he assigned controlling weight. (Dkt. 11-1 at 17-23). For the reasons discussed below, the Court finds this argument is without merit.

In deciding a disability claim, an ALJ is tasked with "weigh[ing] all of the evidence available to make an RFC finding that [is] consistent with the record as a whole." *Matta v. Astrue*, 508 F. App'x 53, 56 (2d Cir. 2013). An ALJ's conclusion need not "perfectly correspond with any of the opinions of medical sources cited in his decision." *Id.* However, an ALJ is not a medical professional, and "is not qualified to assess a claimant's RFC on the basis of bare medical findings." *Ortiz v. Colvin*, 298 F. Supp. 3d 581, 586 (W.D.N.Y. 2018) (quotation omitted). "[A]s a result[,] an ALJ's determination of RFC without a medical advisor's assessment is not supported by substantial evidence." *Dennis v. Colvin*, 195 F. Supp. 3d 469, 474 (W.D.N.Y. 2016) (quotation omitted).

The Court finds no error in the ALJ's conclusions regarding Plaintiff's RFC. The ALJ assigned significant weight to the opinion of psychiatric consultative examiner Dr. Yu-Ying Lin, who examined Plaintiff on September 28, 2015. (Dkt. 5 at 23-24; *see id.* at 395-99). Dr. Lin found that Plaintiff could follow and understand simple directions and instructions as well as perform simple tasks independently without limitation. (*Id.* at 397-

98).  Additionally, Dr. Lin found Plaintiff was moderately to markedly limited in appropriately dealing with stress; moderately limited in maintaining attention and concentration, performing complex tasks independently, and making appropriate decisions; mildly limited in maintaining a regular schedule and relating adequately with others; and not limited in learning new tasks.  (*Id.* at 398).  In assigning Dr. Lin's opinion significant weight, the ALJ noted that it was consistent with the examination findings and supported by the evidence of record, including treatment notes.  (*Id.* at 24).

The ALJ also assigned significant weight to the opinion of S. Juriga, Ph.D., the state agency evaluator.  (*Id.*).  Dr. Juriga found that Plaintiff was moderately limited in her ability to understand and remember detailed instructions; maintain attention and concentration for extended periods; perform activities within a schedule, maintain regular attendance, and be punctual within customary tolerances; complete a normal workday and workweek without interruptions from psychologically-based symptoms, and to perform at a consistent pace without an unreasonable number and length of rest periods; and respond appropriately to changes in the work setting.  (*Id.* at 90-91).  The ALJ found that assigning significant weight was appropriate because Dr. Juriga's opinion was consistent with Dr. Lin's findings and the treatment notes of treating physician Dr. Newby.  (*Id.* at 20).

Plaintiff contends the ALJ only adopted the portion of Dr. Lin's opinion that found Plaintiff not limited in performing simple tasks and failed to explain why the remaining limitations were not adopted in the RFC.  (Dkt. 11-1 at 20).  Plaintiff's argument is inconsistent with relevant case law.  "[T]he Second Circuit has held that moderate limitations in work related functioning does not significantly limit, and thus prevent, a

plaintiff from performing unskilled work." *Martinez v. Comm'r of Soc. Sec.*, No. 3:16-CV-0908 (WBC), 2017 WL 2633532, at *7 (N.D.N.Y. June 15, 2017) (citing *Zabala v. Astrue*, 595 F.3d 402, 410 (2d Cir. 2010)). Additionally:

> [C]ourts within the Second Circuit have repeatedly held that "[m]arked limitations in mental functioning, including a marked limitation in ability to deal with stress, do not mandate a finding of disability, but can be addressed with additional limitations to a plaintiff's RFC, such as limiting plaintiff to simple, routine and repetitive tasks in a work environment free of fast-paced production requirements."

*Blocker v. Saul*, No. 18-CV-6788F, 2020 WL 1047737, at *6 (W.D.N.Y. Mar. 4, 2020) (quoting *Uplinger v. Berryhill*, 2019 WL 4673437, at * 7 (W.D.N.Y. Sept. 25, 2019)); *see Herb v. Comm'r of Soc. Sec.*, 366 F. Supp. 3d 441, 447 (W.D.N.Y. 2019) ("[E]ven without explicitly referencing a stress limitation, an RFC determination may adequately account for a claimant's stress-related limitations.").

> There is plethora of case law within the Second Circuit holding that a RFC for simple routine work is not inherently inconsistent with limitations in the plaintiff's ability to deal with stress, or other specific areas of mental functioning, particularly where the source who provided such limitations ultimately opined the plaintiff is capable of performing simple, routine, repetitive work.

*Shirback v. Comm'r of Soc. Sec.*, No. 18-CV-01222, 2020 WL 247304, at *4 (W.D.N.Y. Jan. 16, 2020) (collecting cases); *see Diakogiannis v. Astrue*, 975 F. Supp. 2d 299, 315 (W.D.N.Y. 2013) (holding RFC assessment was supported by substantial evidence "although the ALJ did not conduct a function-by-function assessment" where the ALJ concluded that the plaintiff "was able to perform simple, routine and repetitive tasks and that he could not perform production rate or pace work," which was "consistent with the ALJ's assessment that [the plaintiff] had moderate difficulties with concentration,

persistence or pace due to his ADHD, difficulties reading, short-term memory problems, and [the plaintiff]'s statement that he does not handle stress properly").

In the instant matter, the ALJ relied on Dr. Lin's opinion, which despite noting Plaintiff's stress limitations, found she could follow and understand simple directions and instructions as well as perform simple tasks independently without limitation. (Dkt. 5 at 397-98). Dr. Lin further opined that Plaintiff's psychiatric impairments were not "significant enough to interfere with [Plaintiff's] ability to function on a daily basis." (*Id*. at 398). Accordingly, "[a]lthough the ALJ could have provided further clarification with respect to [Plaintiff]'s capabilities, as the ALJ's decision examined the relevant factors in reaching an RFC determination, and the ultimate determination was supported by substantial evidence, this shortcoming does not amount to legal error." *Woodmancy v. Colvin*, No. 5:12-CV-991 GLS, 2013 WL 5567553, at *4 (N.D.N.Y. Oct. 9, 2013), *aff'd*, 577 F. App'x 72 (2d Cir. 2014).

Moreover, Plaintiff "has failed to explain what additional stress-related limitations were supported by the record." *Gomez v. Comm'r of Soc. Sec.*, No. 18-CV-96-FPG, 2020 WL 1322565, at *5 (W.D.N.Y. Mar. 20, 2020); *see Moxham v. Comm'r of Soc. Sec.*, No. 16-CV-1170, 2018 WL 1175210, at *9 (N.D.N.Y. Mar. 5, 2018) ("Although Plaintiff argues that [moderate to marked limitations in appropriately dealing with stress, among other] limitations[,] would have affected Plaintiff's ability to perform the basic mental demands of unskilled work, she fails to illustrate how the mental limitations included in the ALJ's RFC (simple tasks, simple instructions, frequent interaction with supervisors,

coworkers, and the public, and decisions on simple work-related matters) do not adequately account for [the] limitations.").

Plaintiff's reliance on *Brink v. Colvin*, No. 1:14-CV-00940 (MAT), 2017 WL 2531711 (W.D.N.Y. June 12, 2017), is misplaced.  In deciding that remand was appropriate, the court in *Brink* primarily relied on the ALJ's error in finding that the plaintiff would be able to respond appropriately to others on a sustained basis without addressing the opinion evidence of record finding that the plaintiff was moderately limited in relating adequately with others.  *Id.* at *2.  To the extent *Brink* found that the ALJ erred in failing to address a medical opinion that the plaintiff's ability to deal with stress was moderately limited, there was no mention of the line of cases discussed above holding that limitation to simple, routine work is adequate to address stress limitations.  *Id.* at *3.

Plaintiff also argues that "the ALJ was not entitled to interpret the bare medical evidence as justification for excluding almost all limitations assessed by medical professional[s] who were assigned 'significant weight' by the ALJ."  (Dkt. 13 at 2).  However, as previously addressed, the ALJ did not exclude the limitations in the opinions of Dr. Lin and Dr. Juriga, but instead accounted for them by limiting Plaintiff to simple, routine work.  There is no basis to conclude that the ALJ relied on his own lay opinion in assessing Plaintiff's RFC.

## **CONCLUSION**

For the foregoing reasons, the Commissioner's motion for judgment on the pleadings (Dkt. 12) is granted and Plaintiff's motion for judgment on the pleadings (Dkt. 11) is denied.  The Clerk of Court is directed to enter judgment and close this case.

SO ORDERED.

_____
ELIZABETH A. WOLFORD
United States District Judge

Dated: September 21, 2020
       Rochester, New York